**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ceela Nivelli,<br>Individually, and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>          -v-<br><br>Cardiff Bay Center, LLC,<br><br>                              Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br>**(Collective and Class Action)**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Ceela Nivelli ("Plaintiff" or "Williams"), on behalf of herself and all others similarly situated, by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendant Cardiff Bay Center, LLC ("Defendant" or "Cardiff"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, and other similarly-situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly-situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of herself and a class of other similarly-situated current and former employees who were employed by Defendant as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendant within the State of New York as manual workers; 2) entitled to recover all unpaid wages; 3) entitled to interest and maximum liquidated damages (for the period after April 9, 2011) for being paid overtime wages and non-overtime wages (including vacation and other pay/benefits) later than weekly; and 4) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Ceela Nivelli ("Plaintiff" or "Nivelli") is an adult, over eighteen years old, who

currently resides in Queens County in the State of New York.

9. Upon information and belief and at all times relevant herein, Defendant Cardiff Bay Center, LLC ("Defendant" or "Cardiff"), was a New York for-profit corporation with a place of business located in Queens county, New York at 50-15 Beach Channel Drive, Far Rockaway, NY 11691, where Plaintiff was employed.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of operating elder care facilities.

11. At all times relevant herein, Defendant employed 75 or more employees at any given time and over 100 employees during the class period.

12. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from on or about October 8, 2017 to on or about September 26, 2018.

13. At all times relevant herein, Plaintiff was employed by Defendant to provide care and assistance to its elderly residents and patients – a variety of manual work involved in handling elderly and physically-challenged residents. In fact, given the significant manual aspects of her work, Plaintiff was seriously injured while helping to lift and move one of the residents while working for Defendant.

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant.

15. At all times relevant herein, Plaintiff's regular hourly rate was about $43.59 an hour.

16. At all times relevant herein, Plaintiff worked approximately 45-47.5 hours a week and likely more, 5 days a week, with the exception of a few weeks.

17. At all times relevant herein, Plaintiff was paid at her straight regular rate for each and all hours worked in a week including some overtime hours worked (hours over 40 in a week), except that Plaintiff was not paid at all for about 5-8 hours weekly. For example, for the bi-

weekly pay period ending December 16, 2017, Plaintiff worked more than 81 hours but was paid at her straight regular hourly rate of $43.59 an hour for 81 hours by Defendant. This example is reflective of Defendant's payment pattern throughout Plaintiff's employment and the Class periods.

18. At all times during Plaintiff's employment, Defendant had a policy and practice of deducting about 30 minutes each work day for "meal break" even if Plaintiff and the putative class did not receive such a meal break - because of the nature and demands of her job, Plaintiff was not completely free from work and did not have a meal break within the meaning of the FLSA and NYLL.

19. At all times relevant herein, Defendant had a policy of practice of only compensating Plaintiff and putative class members for "approved" hours beyond their work schedule even though such additional hours and overtime hours constituted work and compensable time within the meaning of the FLSA and NYLL.

20. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

21. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week.

22. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of at least 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

23. At all times relevant herein, Defendant paid Plaintiff and the putative class members on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

24. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – Plaintiff and the putative class were paid by direct deposit without proper access to compliant wage statements which also did not include all hours worked in each week, among other deficiencies.

26. The violations complained of by Plaintiff herein, also apply to the putative class members.

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as lighting fixtures and related supplies.

31. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

32. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendant as a regular part of its business, engaged in credit card transactions involving

banks and other institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

35. The circumstances of Plaintiff's termination are currently under review and investigation and Plaintiff may assert wrongful termination and other claims against Defendant at a later time.

36. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

39. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b) and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

41. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

42. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant who: 1) worked more than 40 hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

43. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

44. The class definition will be refined as is necessary, including after discovery if necessary.

45. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

46. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

47. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

48. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

49. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

50. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

51. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendantd who: 1) were employed by Defendant within the State of New York; 2) worked more than 40 hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of 40 hours in a week as also explained above.

53. The class definition will be refined as is necessary, including after discovery if necessary.

54. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

55. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

56. Upon information and belief, the claims of the representative party are typical of the claims of the class.

57. The representative party will fairly and adequately protect the interests of the class.

58. The Defendant has acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least 1.5 times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

61. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

62. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

63. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 191, 198 - Untimely Wage Payments)**

64. Plaintiff alleges on behalf of herself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 60 above.

65. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

66. The class definition will be refined as is necessary, including after discovery if necessary.

67. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

68. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

69. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

70. Upon information and belief, the claims of the representative party are typical of the claims of the class.

71. The representative party will fairly and adequately protect the interests of the class.

72. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendant failed and/or refused to pay the Plaintiffs and the putative class members their wages weekly, as required by NYLL § 191(1)(a)(i).

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate Defendant and in light of the large number of putative class members.

75. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL § 191(1)(a) and the regulations thereunder.

76. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191(1)(a)(i).

## **Relief Demanded**

77. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, their unpaid non-overtime (including unpaid vacation and other pay/benefits) and overtime wages, plus maximum liquidated damages (for the period after April 9, 2011), including maximum liquidated damages on all wages paid later than weekly, and interest on wages paid later than weekly, plus attorneys' fees, and costs of

the action, pursuant to NYLL § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

78. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 77 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

79. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

80. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

81. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

82. The class definition will be refined as is necessary, including after discovery if necessary.

83. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

84. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

85. Upon information and belief, there are questions of law or fact common to the class – (a)

whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

86. Upon information and belief, the claims of the representative party are typical of the claims of the class.

87. The representative party will fairly and adequately protect the interests of the class.

88. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

89. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

90. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

91. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

92. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as

well as an injunction directing Defendant to comply with NYLL 195(1).

93. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

94. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, 191, 193, 195, 198 and enjoin Defendant from engaging in such violations.

95. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

96. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

97. As to the **Third Cause of Action**, order Defendant to pay Plaintiff and the class, all unpaid non-overtime (including unpaid vacation and other pay/benefits) and overtime wages, maximum liquidated damages, including liquidated damages on all wages paid later than weekly, and interest on wages paid later than weekly, interest, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198;

98. As to the **Fourth Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable

attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

99. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

100. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
        **October 29, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*